# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 05-cr-20162-RAR

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MARIANO CARDOSO,

     Defendant.

_____/

## **DETENTION ORDER**

On August 6, 2021, this Court held a hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3143 to determine whether the Defendant Mariano Cardoso ("Defendant") should be detained pending a hearing on his violation of probation. The United States and the supervising probation officer have requested that Defendant be detained based on risk of flight.

The petition alleges three violations of supervised release: that Defendant failed to notify his probation officer of a change in residence; that Defendant failed to submit a truthful and complete written monthly report for the month of December 2009; and that Defendant failed to notify his probation office within 72 hours after being arrested and questioned by the FBI on December 17, 2009.

It was proffered at the hearing that probation officers conducted a home inspection at the residence where Defendant was supposed to be living with his mother and girlfriend on January 5, 2010. Defendant's mother told probation officers that she had not recently seen Defendant. Upon speaking with Defendant's girlfriend, the probation office learned that following the December 17, 2009 arrest, Defendant and his girlfriend got into an altercation that same day, and the girlfriend

instructed Defendant to leave. The probation office was unaware of Defendant's whereabouts until he was detained by the Mexican immigration services in July of 2021. He was then deported from Mexico and remanded into the custody of the U.S. Marshals. This proffer was adopted by probation officer Andrew Buban, who testified at the hearing.

At the hearing, Defendant's counsel proffered that prior records indicate a willingness to comply with instructions, as demonstrated by the fact that Defendant had no criminal history points, and was in compliance with the conditions of his supervised release for the first year of his release. Defendant also proffered that circumstances have changed since he first violated the conditions of his bond, and that he has strong family ties to the community. Indeed, his father, children and grandchildren were present at the hearing. As such, Defendant proposed the issuance of a personal surety bond to be co-signed by Defendant's father.

Pursuant to 18 U.S.C. § 3143(a)(1), the Court must detain a person following his conviction unless it is shown "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." In this supervised release revocation proceeding, Defendant shall be detained unless he establishes by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. *See United States v. Griffin*, No. 10-cr-80017, 2018 WL 4062608, at *2 (S.D. Fla. Aug. 24, 2018).

Defendant has demonstrated that he has his family's support if released. Considering the circumstances surrounding the alleged violations, for which I also found probable cause supported by the evidence advanced, the support of his family does not amount to clear and convincing evidence that there are any conditions of release I can set that will reasonably assure his appearance as required. *See United States v. Norman*, No 08-tp-80004-cr, 2009 WL 464078, at *3 (S.D. Fla.

Feb. 24, 2009) (ordering revocation of defendant's supervised release where defendant did not meet his burden pursuant to Rule 32.1(a)(6)).

Therefore, the Court hereby directs that:

1. Defendant be detained without bond;

2. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded reasonable opportunity for private consultation with his counsel.

On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined, deliver the Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

**DONE AND ORDERED** this 6th day of August, 2021, at Miami, Florida.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Pretrial Services (Miami)